NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7041

TIM MCREYNOLDS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Tim McReynolds, of Geneva, Alabama, pro se.

Steven J. Abelson, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.  Of counsel on the brief were David J. Barrans, Deputy Assistant General Counsel, and Martie S. Adelman, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Mary J. Schoelen

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2006-7041

TIM MCREYNOLDS,

Claimant-Appellant,

v.

JAMES B. PEAKE, M.D., Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 04-1363, Judge Mary J. Schoelen.

_____

DECIDED: August 6, 2008

_____

Before NEWMAN and LINN, <u>Circuit Judges</u>, and O'GRADY, <u>District Judge</u>. [*]

PER CURIAM.

Tim McReynolds ("McReynolds") appeals from a July 13, 2005 order of the United States Court of Appeals for Veterans Claims ("Veterans Court"), affirming a July 29, 2004 decision by the Board of Veterans' Appeals ("Board") denying entitlement to service connection for alleged right knee and right ankle disabilities. Because McReynolds's sole argument on appeal relates to issues over which we do not have jurisdiction, <u>see</u> 38 U.S.C. § 7292(d)(2), we <u>dismiss</u>.

---

[*] Honorable Liam O'Grady, District Judge, United States District Court for the Eastern District of Virginia, sitting by designation.

Our jurisdiction to hear appeals from the Veterans Court is strictly limited to questions of law and constitutional issues; we have no jurisdiction to review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." Id. McReynolds does not contend that the Veterans Court's decision involved the validity or interpretation any statute or regulation. Nor does he allege that this case presents any consitutional issues. Rather, McReynolds's sole statement on appeal relates to the Board's allegedly erroneous finding that there was no service connnection. Any arguments supporting this allegation would relate to factual determinations and the application of law to facts—issues outside the scope of our jurisdiction. Accordingly, because McReynolds fails to present an issue over which we have jurisdiction, the appeal is dismissed.

COSTS

No costs.